UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

Larry Coleman,

                Plaintiff,

vs.                                          Case No.  2:06-cv-308-FtM-29SPC

Ann Otwell; Mr. Feiler,

                Defendants.
_____

**ORDER**

    This matter comes before the Court upon initial review of the
file.  Plaintiff, who is currently incarcerated at Charlotte
Correctional Institute, filed a *pro se* Civil Rights Complaint
against Defendants on June 22, 2006 (Doc. #1).

     Plaintiff's allegations concern his treatment by a nurse and
a prison officer during and shortly after a medical visit.
Specifically, Plaintiff states that he was verbally assaulted by a
nurse during a medical visit. Complaint, Section VII, p. 9.
Additionally, Plaintiff states that the prison officer who escorted
him to and from the medical visit, "slam[med] him up against glass
doors" when Plaintiff commented to the guard about the medical
visit.  Complaint Attachment, p. 2.

    On the Civil Rights Complaint Form, Plaintiff states that he
submitted a formal grievance concerning the incident complained of
in his Complaint.  Complaint, Section II, p. 2.  Plaintiff attaches
to his Complaint a copy of grievance log no. 0605-510-205, dated

May 25, 2006, with an attached typed response from Kathy Conner and P. Skipper, prison officials, dated June 1, 2006. According to the response, Plaintiff's grievance "has been reviewed and evaluated. This issue of your [Plaintiff's] complaint has been referred to the Institutional Inspector for appropriate action. Upon completion of necessary action, information will be provided to appropriate administrators for final determination and handling." Complaint Attachment, pp. 4-5. Based on this response, it appears that Plaintiff's allegations are under investigation. Additionally, on the Civil Rights Complaint Form, Plaintiff admits that at the time he filed his Complaint he has not pursued any type of administrative appeal. Complaint, Section II, pp. 2-3.

On April 26, 1996, the President signed into law the Prison Litigation Reform Act which amended The Civil Rights of Institutionalized Persons Act, 42 U.S.C. § 1997e to read as follows:

> (a) Applicability of administrative remedies. No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

"Congress now has mandated exhaustion in section 1997e(a) and there is no longer discretion to waive the exhaustion requirement." Alexander v. Hawk, 159 F.3d 1321, 1325 (11th Cir. 1998); see also Booth v. Churner, 532 U.S. 731, 741 (2001) (finding that Congress

has mandated exhaustion of administrative remedies, regardless of the relief offered through the administrative procedures). In determining whether a plaintiff has exhausted his administrative remedies, a court does "not review the effectiveness of those remedies, but rather whether remedies were available and exhausted." Miller v. Tanner, 196 F.3d 1190, 1193 (11th Cir. 1999) (citing Alexander, 159 F.3d at 1326).

In Alexander, [the Eleventh Circuit] noted seven important policies favoring an exhaustion of remedies requirement:

> (1) to avoid premature interruption of the administrative process; (2) to let the agency develop the necessary factual background upon which decisions should be based; (3) to permit the agency to exercise its discretion or apply its expertise; (4) to improve the efficiency of the administrative process; (5) to conserve scarce judicial resources, since the complaining party may be successful in vindicating rights in the administrative process and the courts may never have to intervene; (6) to give the agency a chance to discover and correct its own errors; and (7) to avoid the possibility that "frequent and deliberate flouting of the administrative processes could weaken the effectiveness of an agency by encouraging people to ignore its procedures." Id. at 1327 (quoting Kobleur v. Group Hospitalization & Medical Services, Inc., 954 F.2d 705 (11th Cir. 1992)).

Each one of those policies is furthered by reading § 1997e(a) to require that a prisoner provide with his grievance all relevant information reasonably available to him. <u>Brown v. Sikes</u>, 212 F.3d 1205, 1208 (11th Cir. 2000).  Thus, in <u>Brown</u>, the Eleventh Circuit held "that 42 U.S.C. § 1997e(a) requires a prisoner to provide in his administrative grievance as much relevant information about his claims, including the identity of those directly involved in the alleged deprivations, as the prisoner reasonably can provide.  It does not require him to provide information he cannot reasonably obtain[.]"  <u>Id</u>. at 1210.

Thus, because exhaustion is a pre-condition to suit and because the full exhaustion of all administrative grievance procedures are important for effectively determining how the facility has addressed the issues presented to it, it is extremely necessary and useful for Plaintiff to comply with the procedures as set forth in the instructions to the civil rights complaint form. While it is clear that the Plaintiff has initiated the grievance procedures, it is also clear that at the time of the filing the Complaint, Plaintiff had not fully exhausted the administrative grievance procedures available to him with the Department of Corrections.  Plaintiff must grant jail officials a reasonable time to investigate and respond to his grievance, as well as avail himself of any administrative appeals process <u>before</u> he files an action in federal court.  Here, Plaintiff has prematurely filed his Complaint before affording prison officials an opportunity to

-4-

compile their investigation of Plaintiff's claim. Thus, Plaintiff's Complaint is dismissed for failure to exhaust his administrative remedies. Plaintiff may re-file his complaint, if necessary, at such time as he completes his available administrative remedies.

Accordingly, it is now

**ORDERED**:

1.  Plaintiff's Complaint (Doc. #1) is dismissed without prejudice.

2.  The Clerk of Court shall: (1) enter judgement accordingly; (2) terminate any pending motions; (3) close this file.

**DONE AND ORDERED** in Fort Myers, Florida, on this __28th__ day of June, 2006.

JOHN E. STEELE
United States District Judge

SA:   alj
Copies: All Parties of Record